FILED
April 07, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002542649

3

JaVonne M. Phillips, Esq., SBN 187474
Brielyn Sesko, Esq., SBN 241596
**McCarthy & Holthus, LLP**
1770 Fourth Avenue
San Diego, CA 92101
Phone (619) 685-4800
Fax (619) 685-4810

Attorney for: Secured Creditor,
Aurora Loan Services, LLC, its assignees and/or successors

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re: | ) Case No. 10-26862 |
| | ) |
| Burymills Holdings and Investments, LLC, | ) DC No.: BRI-1 |
| | ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) **MOTION FOR RELIEF FROM** |
| Aurora Loan Services, LLC, its assignees and/or successors, | ) **AUTOMATIC STAY** |
| | ) |
| Secured Creditor, | ) |
| v. | ) |
| | ) Date: 05/10/2010 |
| Burymills Holdings and Investments, LLC, Debtor; and J. Michael Hopper, Chapter 7 Trustee, | ) Time: 9:00 a.m. |
| | ) Ctrm: 28, 7th Floor |
| | ) Place: 501 I Street |
| | ) Sacramento, CA |
| | ) |
| Respondents. | ) Judge: Michael S. McManus |
| | ) |
| | ) |
| | ) |

Aurora Loan Services, LLC its assignees and/or successors in interest ("Secured Creditor" or "Movant" herein), moves this Court for an Order Terminating the Automatic Stay

1     File No. CA-10-25629/ Case No. 10-26862
Motion for Relief from Automatic Stay

of 11 U.S.C. § 362 as to moving party (and the Trustee under the Deed of Trust securing moving party's claim) so that moving party and its Trustee may commence and continue all acts necessary to foreclose under the Deed of Trust secured by the Debtor property, commonly known as 9621 Stablegate Road, Wilton, CA 95693, ("Property" herein). **See Exhibit "1"**.

Secured Creditor is the payee of a Promissory Note dated 12/26/2006, in the principal amount of $792,000.00, which is secured by the Deed of Trust of the same date signed by the Original Borrower Donna K. Saunders, an unmarried woman ("Original Borrower"). **See Exhibit "1"**.

On or around 01/04/2009 the Original Borrower transferred a 100% interest to Azzyet Holdings & Investments, A California Corporation, without the knowledge or consent of the Movant an in violation of the terms of the Deed of Trust Original Borrower signed. **See Exhibit "2"**.

On or around 04/29/2009 Azzyet Holdings & Investments, A California Corporation transferred a 100% interest to Servand Enterprises, LLC, A California Corporation, without the knowledge or consent of the Movant an in violation of the terms of the Deed of Trust Original Borrower signed. The Grant Deed was recorded on 4/30/2009. **See Exhibit "2"**.

On or around 03/18/2010 Servand Enterprises, A California Corporation LLC transferred a 100% interest to Burymills Holdings and Investments, LLC, A California Corporation, without the knowledge or consent of the Movant an in violation of the terms of the Deed of Trust Original Borrower signed. The Grant Deed was recorded on 03/19/2010. **See Exhibit "2"**.

A copy of Secured Creditor's Relief From Stay Information Sheet is filed concurrently herewith as a separate document pursuant to Local Rules of Court.

The current value of the Debtor's subject Property is $533,000.00, based upon the Debtor's own value as set forth in Schedule A. Movant requests the court to take judicial notice of the Debtor's Schedules. **See Exhibit "3"**.

///

///

///

In the present case, the Debtor has no equity in the Property, as evidenced by the approximate market value compared to the total liens against the Property, principally that of Secured Creditor herein and the other liens as noted in this Motion.

| | | |
|---|---|---|
| Value | $ | 533,000.00 |
| Total Liens to Secured Creditor | $ | 984,108.94 |
| Equity | $ | (451,108.94) |

Based on the foregoing, Secured Creditor alleges that there is no equity in the subject Property, the subject Property is not necessary for an effective reorganization, and Secured Creditor is not adequately protected. Secured Creditor is not receiving regular monthly payments, and is unfairly delayed from proceeding with the foreclosure of the subject Property. Accordingly, relief from the automatic stay should be granted to Secured Creditor pursuant to 11 U.S.C. § 362(d)(1) and (2) and (4).

WHEREFORE, Secured Creditor prays for judgment as follows:

1. For an Order granting relief from the automatic stay, permitting Secured Creditor to proceed with the foreclosure under Secured Creditor's Deed of Trust, and to sell the subject Property at a trustee's sale under the terms of the Deed of Trust to proceed with any and all post foreclosure sale remedies, including the unlawful detainer action or any other action necessary to obtain possession of the Property.
2. For an Order that the fourteen day stay described in Bankruptcy Rule 4001(a)(3) be waived.
3. For an Order modifying the automatic stay to protect Secured Creditor's interest, as the Court deems proper.
4. For such other relief as the Court deems proper.

Dated: April 7, 2010          McCarthy & Holthus, LLP

By: /s/ Brielyn Sesko,_____
    Brielyn Sesko, Esq.
    Attorney for Secured Creditor